**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ENDY, | No.   16-56613 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>2:16-cv-03344-RGK-SK |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before:  TASHIMA and NGUYEN, Circuit Judges, and SIMON,** District Judge.

James Endy appeals the dismissal of his complaint against the County of Los

Angeles ("the County") and various individuals employed by its Department of

Children and Family Services ("DCFS") (collectively, "the social workers") for

conduct surrounding allegations of abuse made against him that were ultimately

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

ruled unsubstantiated. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part, vacate in part, and remand to the district court with instructions to dismiss without prejudice.

1.      Endy contends that the County violated his due process rights. California law sets forth a specific procedure for challenging a substantiated allegation of abuse included in the California Child Abuse Central Index ("CACI"). *See* Cal. Penal Code § 11169(d). Due process requires no more, and the district court did not err in dismissing with prejudice Endy's due process claim regarding his inclusion in CACI. *See Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009), *rev'd on other grounds sub nom. Los Angeles County v. Humphries*, 562 U.S. 29 (2010) ("In procedural due process claims, the deprivation of a constitutionally protected interest 'is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.'" (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).[1]

2.      Endy's argument that he cannot avail himself of the procedure set forth in § 11169(d) is not convincing. Endy was told he could request a hearing after his court proceeding had terminated, if the court found the allegations

---

[1] Nor was it error for the district court to conclude that a one-time failure to notify Endy of his inclusion in CACI was not a violation of due process. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("[I]mproper custom may not be predicated on isolated or sporadic incidents.").

unsubstantiated. The most natural reading of § 11169(e), as a whole, confirms the same: if a court finds allegations unsubstantiated, an accused may request a hearing for removal from CACI, but if a court finds the allegations substantiated, he cannot collaterally attack that finding.[2]

3.     The district court properly dismissed the social workers because they are entitled to qualified immunity for Endy's due process claims. Endy fails to cite any precedent that could have put the social workers on notice that their reporting of Endy in CACI and the California Child Welfare Services Case Management System ("CWS/CMS"), or their alleged failure to update that information, would constitute a due process violation. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." (internal quotation marks and alterations omitted)); *cf. Humphries*, 554 F.3d

---

[2] Given that a challenging procedure is available, Endy's claim that the County's failure to automatically remove him from CACI in violation of California Penal Code § 11169(h) constitutes a violation of due process also fails. *See Zinermon v. Burch*, 494 U.S. 113 (1990) ("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [the plaintiff] to demonstrate a violation of federal law, not state law."). We note that although Endy failed to utilize the grievance hearing procedure after state proceedings against him concluded, the County's counsel represented at oral argument that Endy in fact has been removed from CACI.

3

at 1202 ("'[A]n officer who acts in reliance on a duly-enacted statute . . . is ordinarily entitled to qualified immunity' which is lost only if it is 'so obviously unconstitutional as to require a reasonable officer to refuse to enforce it.'" (quoting *Grossman v. City of Portland*, 33 F.3d 1200, 1209–10 (9th Cir.1994))).

4.      On this record, it is not clear whether there is a separate mechanism for Endy to review and challenge information included in CWS/CMS. However, Penal Code § 11169(d) allows him to challenge the factual allegations underlying the abuse complaint. Until he avails himself of that procedure, it will not be clear whether the information included in CWS/CMS is in violation of his due process rights. Thus, Endy's due process claim against the County regarding CWS/CMS was properly dismissed as premature.[3]

\* \* \*

We affirm the dismissal with prejudice of Endy's due process claim against the County regarding CACI and of all claims against the social workers. On remand, the district court shall enter judgment dismissing Endy's due process claim against the County regarding the information included in CWS/CMS without prejudice.

---

[3] Without having adequately pled a constitutional violation, Endy's civil conspiracy claim also fails. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (dismissing civil conspiracy claim where plaintiff had not shown "any actual deprivation of his constitutional rights").

4

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**